## THE BR. BANK AT DECATUR *vs.* HODGES.

1. Where the drawees of a bill of exchange absent themselves from their place of business and make no provision for its payment, a presentment there to their book-keeper is a sufficient presentment to charge the drawers.

2. The holder of a bill of exchange does not waive his right of action for its non-acceptance by afterwards having it presented and protested for non-payment.

Error to the Circuit Court of Morgan. Tried before the Hon. Geo. W. Lane.

THIS was an action by the plaintiff against the defendant in

Br. Bank at Decatur v. Hodges.

error on a bill of exchange drawn by the firm of F. Hodges & Co., of which the defendant was a member, on Kirkman, Abernathy & Hanna, N. Orleans. The facts and errors complained of are sufficiently noticed in the opinion.

Wm. Cooper, for plaintiff, insisted—

1. That the ruling of the Circuit Court was erroneous, and cited Cuthbert v. Newell, 7 Ala. 457; Smith v. Armstead, ib. 698.

2. That the charge of the Court was incorrect, and cited Lenox v. Cock, 8 Mass. 460; Bayley on Bills, 215, note A., and cases there referred to.

Peters & L. P. Walker, for defendant:

1. There was no error in excluding the protest for non-payment. The presentation for payment must be to the party who is liable to pay—i. e., the drawees. A presentation to their *book-keeper*, without shewing either a general or special authority, certainly does not answer the demands of the law.—Story on Bills, p. 400, sec. 344 to 350; Smith's Mer. Law, 239, *et seq.*; Chitty on Bills, 353, ch. 9; ib. 355-366; 8 Porter, 511; ib. 174; 6 Ala. 390; 1 ib. 544.

2. Unless a charge is illegal, it should be given in the words in which it is asked. If the opposite party desires any modification of it, he should suggest it to the court.—9 Ala. 452; 11 Ala. 535; 11 Ala. 1059.

3. Under the state of facts, there was no error in the charge given. The plaintiff certainly had the right to waive its action by virtue of the protest for non-acceptance; and if it chose to rely on presentment and protest for non-payment, the evidence offered to establish this fact must shew presentment to the *proper person*, and failing in this, it was the duty of the court to reject the evidence.

CHILTON, J.—The court below excluded the protest for non-payment because the presentment is stated therein to have been made of the book-keeper of the drawees in their counting-room, they being absent. This was erroneous. The bill was presented at the place of business of the firm—at their counting-room. If they had intended to pay the bill, it was their duty to have been present on the day of payment, or to have left the means for making such payment in charge of some one

Br. Bank at Decatur v Hodges.

authorised to make it. The notary finding them absent from their place of business and their book-keeper there, might well make protest of the dishonor of the bill for non-payment upon presentment to and refusal by him. When upon presentment for acceptance the drawee does not happen to be found at his house or counting-room at the time, but is temporarily absent, and no one is there authorised to give an answer whether the bill will be accepted or not, in such case it would seem the holder is *not bound* to consider it as a refusal to accept, but he may wait a reasonable time for the return of the drawee. He may present the bill anew on the next day, but this delay is not allowable in a presentment for payment. This must be made on the day the bill falls due, and if there be no one ready at the place to pay the bill, it should be treated as dishonored and protested for non-payment.—Story on Bills, sec. 250; Chitty on Bills, 9 ed. 400 ; Buxton v. Jones, 1 Mann & Gr. 83 ; S. C., 39 Eng. C. L. Rep. 364; Hine v. Allely, 4 Barn. & Adol. 624; S. C., 24 Eng. C. L. Rep. 127 ; Shed v. Brett, 1 Pick. Rep. 412; Field v. Mallett, 3 Hawks' Rep. 465; 1 Amer. Lead. Cases, 214-219, where the most of the American decisions are refered to. As the notary might well have protested the bill for non-payment by reason of the absence of the drawees, without leaving any one authorised to make the payment, a demand of the book-keeper of payment would certainly not have the effect of vitiating the protest—at most it would be treated as surplusage. This view perhaps sufficiently disposes of the case. In respect to the charge, however, we would remark that if it is to be regarded as affirming that because the holder of the bill, after it was protested for non-acceptance, presented it also for payment and caused it to be protested for non-payment, he thereby *waived* his right of action which accrued upon the non-acceptance, it is manifestly erroneous. Whether there was proof justifying a charge as to the plaintiff's *waiver* of his right of action which accrued upon the dishonor of the bill by the refusal of the drawees to accept, we know not: Certain it is that the record before us furnishes none. The charge, however, containing the assertion of a legal proposition, would be considered as predicated upon sufficient testimony, in the absence of all evidence furnished by the bill of exceptions, showing it to be abstract.

It is, however, unnecessary to go into a critical examination of the charge, as the views above expressed will be sufficient for the proper disposition of the cause.

Let the judgment be reversed and the cause remanded.